UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GREGORY MAGNER

CIVIL ACTION

VERSUS

NO. 25-2322

GEORGIA SOUTHERN
TRANSPORTATION, INC. ET AL

SECTION "R" (4)

## **ORDER AND REASONS**

Before the Court is defendants Georgia Southern Transportation, Inc. (Georgia Southern) and David Bish's unopposed motion for leave to amend their answer.[1]  For the following reasons, the Court grants the motion.

Federal Rule of Civil Procedure 15 governs leave to amend. Under Federal Rule of Civil Procedure 15(a)(2), the court freely grants leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982) ("Rule 15(a) evinces a bias in favor of granting leave to amend," when justice so requires.). The decision to grant such leave is within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971).  Leave to amend should not be granted automatically. *Addington v. Farmer's Elevator Mutual Insurance*

---

[1]    R. Doc. 8.

1

*Co.*, 650 F.2d 663, 666 (5th Cir. 1981).  The Court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, there is no undue delay, as defendants seek to amend their answer within the time the Court gave in the scheduling order.  There is no suggestion of bad faith or dilatory motive.  This is defendant's first motion for leave to amend their answer. The Court finds that the factors weigh toward granting leave to amend.

The Court GRANTS the motion and enters the amended answer and affirmative defenses into the record.

New Orleans, Louisiana, this 13th day of May, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

2